UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin F. Johnson, Sr.,                         Case No. 1:19-cv-984

       Petitioner,

v.                                                       MEMORANDUM OPINION
                                                            AND ORDER

Keith J. Foley, Warden,[1]

       Respondent.

## I. INTRODUCTION

Petitioner Marvin F. Johnson, Sr., has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Cuyahoga County, Ohio Court of Common Pleas on charges of drug trafficking, drug possession, and possession of criminal tools. (Doc. No. 1). Magistrate Judge James R. Knepp, II, reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny Johnson's petition. (Doc. No. 18). Johnson filed objections to Judge Knepp's Report and Recommendation. (Doc. No. 20). For the reasons stated below, I overrule Johnson's objections and adopt Judge Knepp's Report and Recommendation.

## II. BACKGROUND

On February 13, 2015, officers with the Euclid, Ohio Police Department executed a search warrant at a house on Oriole Avenue in Euclid. The search warrant was the result of a nearly year-long investigation into reports of drug trafficking at the house, which culminated in a controlled buy

---

[1] Johnson is incarcerated at the Grafton Correctional Institution in Grafton, Ohio, where Keith J. Foley currently is the Warden. *See* Fed. R. Civ. P. 25(d).

by a confidential informant two days before the search warrant was issued. *State v. Johnson*, 2018-Ohio-169, 2018 WL 46073, at *3-4 (Ohio Ct. App. Jan.18, 2018). Johnson was arrested at the house and subsequently indicted on charges of drug trafficking, drug possession, and possession of criminal tools.

Johnson filed a motion to suppress the evidence obtained during the search of the house, arguing the search warrant affidavit contained materially false statements or omissions made with reckless disregard for the truth and lacked probable cause because it did not contain evidence of ongoing drug trafficking. *Id.* at *2. The trial court overruled Johnson's motion following a hearing, concluding (a) the search warrant contained fresh information (the recent controlled buy), and (b) any vague background information "was mere surplusage and did not form the basis for issuance of the search warrant." (Doc. No. 7-1 at 37).

Johnson then entered a plea of no contest to all three counts of the indictment. (*Id.* at 38). The trial court concluded the drug trafficking and drug possession counts merged for the purpose of sentencing. (*Id.*). The trial court sentenced Johnson to a six-year prison term but placed him on supervised release and electronic monitoring so he could undergo surgery for a serious heart condition. *State v. Johnson*, 2018 WL 460743, at *1. The trial court ordered Johnson to begin serving his prison term on August 1, 2016, as his heart surgery was scheduled for July 22, 2016. *Id.* Further, the trial court stated the sentence would be "vacated and [a] new sentence . . . imposed" if Johnson did not report to begin serving his sentence on August 1. (Doc. No. 7-1 at 39).

Shortly before his surgery, Johnson tested positive for marijuana and the trial court set a bond hearing for July 25. Johnson did not appear for the bond hearing because he was recovering from surgery, but his attorney failed to notify the trial court that he was not able to appear. *State v. Johnson*, 2018 WL 460743, at *1. The trial court revoked his bond and issued a capias warrant. Johnson also did not report for his prison term on August 1, while continuing his post-surgical care.

2

*Id.* Johnson eventually contacted the court by letter, asserting he did not appear for his sentence because he still was under the care of his cardiac specialist. (Doc. No. 7-1 at 45-46). The trial court held another sentencing hearing in February 2017 and, after vacating Johnson's initial prison term, sentenced him to a total of eight years in prison and five years post release control. (*Id.* at 54).

Johnson appealed, raising assignments of error concerning the denial of his suppression motion and his resentencing. *State v. Johnson*, 2018 WL 460743, at *1. The Eighth District Court of Appeals ruled the trial court lacked the authority to vacate Johnson's initial sentence and to resentence him but otherwise rejected Johnson's arguments on appeal. *Id.* at *7.

Johnson unsuccessfully pursued a variety of appeals and post-conviction motions. (*See* Doc. No. 18 at 7-12). The trial court ultimately re-instated Johnson's original six-year prison term.

On August 8, 2019, the trial court also denied Johnson's motion to withdraw his no contest plea. (Doc. No. 7-1 at 838). The Eighth District Court of Appeals affirmed, reasoning the motion was barred by the doctrine of res judicata. *State v. Johnson*, 2020-Ohio-3892, 2020 WL 4370158 (Ohio Ct. App. July 30, 2020).

Johnson does not object to Judge Knepp's description of the factual and procedural background of his state court proceedings. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 18 at 2-15).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25

3

F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Johnson presents the following grounds for relief:

**Ground One**: Petitioner's rights under U.S. Const. 4th & 14th Amend. against unreasonable searches and seizures was violated when his home was illegally searched;

**Ground Two**: Petitioner's rights under U.S. Const. 6th Amend. right to effective assistance of trial counsel was violated when counsel failed to protect Petitioner's rights;

**Ground Three**: Petitioner's rights under U.S. Const. 5th & 14th Amends. due process and equal protection of the law was violated based upon prosecutorial misconduct and fraud upon the court; abuse of discretion; and constitutionally unfair appellate review process;

**Ground Four**: Petitioner's rights under U.S. Const. 8th Amend. to be free from cruel and unusual punishment was violated when the trial court wholly failed to

consider the Petitioner's medical condition before issuing a capias and imposing sentence;

**Ground Five**: Petitioner's rights under U.S. Const. 6th Amend. right to effective assistance of counsel was violated when counsel abandoned the Petitioner;

**Ground Six**: Petitioner's rights under U.S. Const. 5th & 14th Amends. due process & equal protection of the law was violated when the trial court denied his postconviction relief petition;

**Ground Seven**: Petitioner's rights under U.S. Const. 6th Amend. right to effective assistance of counsel was violated when appellate counsel failed to meet a valid legal standard; and failed to protect Petitioner's rights; and,

**Ground Eight**: Petitioner's rights under U.S. Const. 5th & 14th Amends. due process and equal protection of the law was violated when the court of appeals denied his application for reopening appeal.

(Doc. No. 1 at 5-15).

Judge Knepp recommends I conclude Johnson's claims are not cognizable in habeas proceedings, were procedurally defaulted, or lack merit. (Doc. No. 18). Johnson objects to Judge Knepp's recommendations, except for his recommendation concerning Ground Two. Johnson "concedes there was no prejudice stemming from counsel's deficient representation" and thus has waived review of Judge Knepp's recommendation concerning Ground Two. (Doc. No. 20 at 2).

In addition to the recommendations and objections I discuss below, Johnson also objects, (Doc. No. 20 at 8), to Judge Knepp's denial of his motion for an evidentiary hearing. (Doc. No. 18 at 35). Johnson fails to show he is entitled to an evidentiary hearing on any of his claims and, therefore, I overrule his objection.

### A. GROUNDS ONE AND THREE

Judge Knepp recommends I conclude the claims Johnson presents in Grounds One and Three are not cognizable in habeas proceedings under *Stone v. Powell*, 428 U.S. 465 (1976). (Doc. No. 18 at 20-23). Johnson objects, arguing Ground One has merit and Ground Three is cognizable

because "the Appellate Review process of his 4th and 14th Amendment claim was a (sham) proceeding." (Doc. No. 20 at 1).

A federal habeas court's review of a petitioner's state court Fourth Amendment suppression claim can be summed up in this manner: "Did the state courts permit the defendant to raise the claim or not?" *Good v. Berghuis*, 729 F.3d 636, 640 (6th Cir. 2013) (citing *Stone v. Powell*, 428 U.S. 465 (1976)). Johnson filed a motion to suppress evidence obtained pursuant to the search warrant, arguing it lacked probable cause and contained materially false statements or omissions made with reckless disregard for the truth. *State v. Johnson*, 2018 WL 460743, at *2. The trial court held a hearing and ultimately denied the motion. *Id.* The Eighth District Court of Appeal agreed, concluding the record evidence established probable cause to issue the warrant because "[r]emoving the language deemed surplusage by the trial court, it is beyond dispute that the controlled buy took place, heroin was purchased, and a search warrant executed within a 36– to 48–hour time frame." *Id.* at *5.

Johnson had the opportunity to present his suppression motion and arguments to the trial court, including during a hearing, and the trial court denied the motion. The appellate court reviewed the factual record as well as Johnson's legal arguments and upheld the trial court's ruling. Johnson offers no evidence to back up his accusation that the appellate court's review was a sham, and the record disproves his claim. The state court process "suffices to preclude review of the claim through a habeas corpus petition under *Stone v. Powell*." *Good*, 729 F.3d at 640. Therefore, I overrule Johnson's objections and adopt Judge Knepp's recommendation as to Ground One and Three.

**B.    GROUND FOUR**

In Ground Four, Johnson claims the trial court violated his Eighth Amendment rights by failing to give appropriate deference to his serious medical condition before (a) revoking his bond and issuing the capias warrant, and (b) imposing a sentence greater than the mandatory minimum

sentence. Judge Knepp recommends I conclude Johnson's bond revocation and warrant claims are not cognizable in habeas proceedings because they do not challenge the basis for Johnson's incarceration, and that I conclude his sentencing claim is procedurally defaulted and lacks merit. (Doc. No. 18 at 25-26).

Johnson does not object to the first part of Judge Knepp's recommendation, but he argues any procedural default regarding his sentencing claim is excused by his Fifth and Fourteenth Amendment claims in Ground Six and that his claim should succeed on the merits because it was unduly harsh. (Doc. No. 20 at 2). His arguments are not persuasive.

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)). The procedural default rule prohibits a habeas court from considering a federal claim if the last reasoned state court decision in the case "clearly and expressly states that [the decision] rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citations and internal quotation marks omitted).

Johnson's sentencing claim is barred by the procedural default rule. The state courts concluded his claim was barred by the doctrine of res judicata because Johnson could have, but failed, to raise it during his direct appeal. (Doc. No. 7-1 at 431-33, 557-60). Further, the application of the res judicata doctrine "is an adequate and independent state ground for barring habeas review of constitutional claims." *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004) (citation omitted).

7

His claim also fails even if I consider it on the merits. The trial court concluded Johnson's sentence did not constitute cruel and unusual punishment because the court had taken Johnson's medical needs into consideration when sentencing him and because his medical needs would be met during his incarceration. (Doc. No. 7-1 at 432-33). Further, the trial court concluded Johnson's sentence was not grossly disproportionate. (*Id.*). Johnson fails to show this conclusion was contrary to or involved an unreasonable application of clearly established federal law. *See, e.g., Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (habeas petitioner was not entitled to habeas relief on Eighth Amendment claim concerning sentence within statutory range).

I overrule Johnson's objection and adopt Judge Knepp's recommendation regarding Ground Four.

### C. GROUND FIVE

Judge Knepp recommends I deny the fifth ground stated in Johnson's petition because it is procedurally defaulted. (Doc. No. 18 at 27-28). Johnson objects, arguing the state courts erred in its calculation of the deadline for Johnson's application to reopen his direct appeal and, if that error is remedied, his ineffective assistance of trial counsel claim is not procedurally defaulted. (Doc. No. 20 at 2-7).

Johnson's objections fall short. His ineffective-assistance-of-trial-counsel claim was based upon the trial court record and he was required to bring that claim in his direct appeal. The Eighth District Court of Appeals concluded this claim was barred by the doctrine of res judicata because Johnson had failed to raise it during his direct appeal. *State v. Johnson*, 2020-Ohio-3892, 2020 WL 4370158, at *3-4 (Ohio Ct. App. July 30, 2020). Thus, this claim is procedurally defaulted, *Williams*, 380 F.3d at 967, and, as I discuss below, Johnson fails to establish a basis to excuse his procedural default because his ineffective assistance of appellate counsel itself is procedurally defaulted. *See Gross v. Warden, Lebanon Corr. Inst.*, 426 F. App'x 349, 360 (6th Cir. 2011) (citing *Edwards v. Carpenter*,

8

529 U.S. 446, 451 (2011)). Therefore, I overrule his objections and adopt Judge Knepp's recommendation concerning Ground Five.

### D. GROUND SIX

In Ground Six, Johnson asserts his Fifth and Fourteenth Amendment rights were violated when the trial court denied his post-conviction motion while his direct appeal was pending. Judge Knepp recommends I conclude this ground for relief is not cognizable in habeas proceedings. (Doc. No. 18 at 28-29). Johnson objects but does not explain why Judge Knepp's recommendation is incorrect. Instead, he merely reiterates his assertion in Ground Six that his rights were violated when the trial court "denied his post conviction relief petition by res judicata while his direct appeal was pending." (Doc. No. 20 at 2).

Johnson faces two insurmountable hurdles. The first is that a federal court may not grant habeas relief for errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The second is that habeas corpus petitions may not be used to challenge state postconviction or collateral proceedings. *Davis v. Burt*, 100 F. App'x 340, 351 (6th Cir. 2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) and *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002)).

Johnson challenges the state courts' application of res judicata (a rule of state law) to state postconviction proceedings. Because his claim is not cognizable in habeas proceedings, I overrule his objection and adopt Judge Knepp's recommendation regarding Ground Six.

### E. GROUND SEVEN AND EIGHT

In Ground Seven, Johnson alleges his appellate attorney was constitutionally ineffective, which violated his Sixth Amendment rights. In Ground Eight, he claims the Eighth District Court of Appeals violated his due process and equal protection rights under the Fifth and Fourteenth Amendments when it denied his application to reopen his appeal (which contained his ineffective-assistance-of-appellate-counsel claims) because it was untimely. He also asserts that the appellate

9

court's allegedly erroneous rejection of his application to reopen provides good cause to excuse any procedural default as to Ground Seven.

Judge Knepp recommends I conclude Ground Seven is barred by the procedural default rule or that it lacks merit, and that Ground Eight is not cognizable in habeas proceedings. (Doc. No. 18 at 29-35). Johnson objects, arguing the Eighth District Court of Appeals violated his due process rights by improperly applying mandatory appellate filing rules, that the appellate court's error means his claims in Ground Seven are not procedurally defaulted, and that his claims in Ground Seven have merit. (Doc. No. 20 at 3-6).

The Eighth District Court of Appeals rejected Johnson's argument that his intervening motions tolled the filing deadline for his application to reopen his direct appeal, because the filing of these motions did not interrupt the running of the 90-day window provided by Ohio law or constitute good cause to excuse Johnson's noncompliance with the deadline. *State v. Johnson*, 2018 WL 3479244, at *1-2 (citing *State v. LaMar*, 812 N.E.2d 970 (Ohio 2004) and *State v. Gumm*, 814 N.E.2d 861 (Ohio 2004)). That determination only involved matters of Ohio law, which are not subject to habeas review. *Estelle*, 502 U.S. at 67-68. Johnson offers no explanation as to how this determination of state law violated his due process rights and, therefore, I deny his objection and conclude Ground Eight is not cognizable in habeas proceedings.

The appellate court's decision also resolves Johnson's claims in Ground Seven. An Ohio appellate court's denial of a petitioner's application to reopen as untimely is an adequate and independent state procedural ground which prohibits a federal habeas court from reviewing the petitioner's claims. *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002). The Eighth District Court of Appeals expressly denied Johnson's "application to reopen as untimely." *State v. Johnson*, 2018 WL 3479244, at *1.

10

Further, Johnson fails to show that his motion for reconsideration of the appellate court's resolution of his direct appeal constitutes good cause to excuse his procedural default. (*See* Doc. No. 20 at 3 (citing Doc. No. 10-1). In order to show "'cause' under the cause and prejudice test[, a petitioner must identify] . . . something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

Ohio law is clear that a defendant has 90 days from the date on which the appellate court enters its direct-appeal judgment to file an application to reopen the appeal, and that the defendant's subsequent state-court filings have no impact on this deadline. *See, e.g., State v. Keith*, 892 N.E.2d 912, 913 (Ohio 2008) ("[T]he pendency of Keith's appeal to [the Supreme Court of Ohio] did not toll the time for filing his application in the court of appeals."). Defendants do not have a right to counsel on an application to reopen, *id.* at 914, so Johnson's failure to comply with the 90-day deadline is fairly attributed to him alone. *Coleman*, 501 U.S. at 753. Because Johnson fails to demonstrate cause for his noncompliance with Ohio's procedural rules, I need not determine whether he could show actual prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Therefore, I overrule his objections and adopt Judge Knepp's recommendations regarding Grounds Seven and Eight.

### F. CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Johnson's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## V. CONCLUSION

For the reasons stated above, I overrule Johnson's objections, (Doc. No. 20), to Judge Knepp's Report and Recommendation, (Doc. No. 18), and adopt the Report and Recommendation in full. I conclude Johnson is not entitled to habeas relief on any of the four grounds for relief stated in his habeas petition. (Doc. No. 1).

I also conclude that Johnson fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge