UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin F. Johnson, Sr.,                                      Case No.  1:19-cv-984

                Petitioner,

      v.                                                         MEMORANDUM OPINION
                                          AND ORDER

Keith J. Foley, Warden,

                Respondent.

## I.       INTRODUCTION AND BACKGROUND

Petitioner Marvin F. Johnson, Sr. has filed a motion for reconsideration of my July 19, 2021

order denying his motion to amend his § 2254 petition.  (Doc. No. 28).

Johnson filed his first habeas petition on May 2, 2019.  (Doc. No. 1). On July 1, 2020,

Johnson filed a second § 2254 petition.  (Case No. 1:20-cv-1449, Doc. No. 1).  The Sixth Circuit

ordered that Johnson's second petition be construed as a motion to amend his initial petition to add

an additional claim related to his state-court resentencing.  (Case No. 1:20-cv-1449, Doc. No. 6 at 2).

I concluded Johnson's proposed amendment would be futile and denied his motion to amend.

(Doc. No. 26).   I also denied his motion to proceed in forma pauperis on appeal.  (*Id.*).

Johnson claims (i) my July 19, 2021 order "circumvents [his] motion to stay proceedings"

filed in the 2020 case, and (ii) I erred in rejecting his claims.  (Doc. No. 28 at 1-2).  I conclude

neither argument has merit and deny Johnson's motion for reconsideration.

## II.  ANALYSIS

### A.  Motion to Stay

Johnson first argues I violated his due process rights by denying his motion to amend without waiting for him to file "a motion to proceed, yielding permission for this court to proceed" or issuing "a deadline for the Petitioner to proceed."  (Doc. No. 28 at 2).  But Johnson's argument is based upon a faulty premise.  While he claims his motion to amend was granted on July 16, 2020, (*id.* at 1), the dockets in both his 2019 and his 2020 cases demonstrate I never ordered that the federal habeas proceedings be stayed while Johnson returned to state court to exhaust additional claims.

Further, Johnson identifies no legal basis for his assertions that (a) he has a due process right to be permitted to offer additional argument in support of his newly-asserted but plainly-futile claims, and (b) he should have been given leave to file another motion to amend his complaint to raise "any additional exhausted State claim(s)[1]."  (*Id.* at 2).

Because Johnson's motion to stay was never granted and he provides no legal or factual support for his claim he should have been permitted to file another motion to amend, I deny this portion of his motion.

### B.  Motion for Reconsideration

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e).  *See McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991).  Motions for reconsideration under Rule 59(e) are not intended to give a party "an opportunity to relitigate matters already decided . . . [or to be] a substitute for appeal."  *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir.2007)).  "Whatever may

---

[1]  Johnson does not describe what additional claims he would have asserted.  (*See* Doc. No. 28 at 3-9).

be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (quoting *Durkin v. Taylor*, 444 F. Supp. 879 (E.D. Va. 1977)).

Johnson contends I committed error by rejecting his arguments that (a) Ohio Criminal Rule 43 required that he be present for all resentencing hearings and (b) his sentence is void.  (Doc. No. 28 at 3-9).  He does not identify any new factual or legal basis for his arguments; instead, he asserts I got it wrong by ruling against him.  Those arguments are properly made on appeal, not in a motion for reconsideration.  Therefore, I deny his motion.

### III.    CONCLUSION

For the reasons stated above, I deny Johnson's motion for reconsideration.  (Doc. No. 28). So Ordered.

s/ Jeffrey J. Helmick
United States District Judge